IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TAPLIN LYNN WALDEN,

Plaintiff,

v.                                                        CIVIL ACTION NO.   2:14-cv-12913

STARCON INTERNATIONAL,
INCORPORATED, et al.,

Defendants.


MEMORANDUM OPINION AND ORDER

Pending before the court are Defendant Regulatory Training Center's Motion to Dismiss Plaintiff's Second Amended Complaint [Docket 32] and Defendant Starcon International Incorporated's Motion to Dismiss Plaintiff's Punitive Damages Claim [Docket 39]. These motions are now ripe for review. For the reasons stated below, the Regulatory Training Center's Motion to Dismiss [Docket 32] is **DENIED** and Starcon International Incorporated's Motion to Dismiss [Docket 39] is **GRANTED**.

**I. Background**

The plaintiff alleges that he was injured by dangerous chemicals while working on a pipeline for defendant Starcon International, Inc. ("Starcon"). He states that after he was sprayed with the chemicals, several of the defendants unsuccessfully attempted to shower off the chemicals and decontaminate him. (*See* Second Am. Compl. [Docket 17] ¶ 16). He also alleges that several of

the defendants offered him inappropriate medical treatment, which contributed to his injuries. (*See id.* ¶ 17).

The plaintiff brings the following claims: (1) deliberate intent against Starcon; (2) negligence against The Dow Chemical Company; (3) negligence against Union Carbide Corporation; (4) negligence against Bayer Corporation; (5) negligence against Bayer MaterialScience, LLC; (6) negligence against the Regulatory Training Center; (7) and negligence and strict liability against E.I. DuPont DeNemours and Company. (*See generally id.*). Two of the defendants, Starcon and the Regulatory Training Center, have filed motions to dismiss.

## II. Legal Standard

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the Supreme Court stated in *Ashcroft v. Iqbal*, that standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) for the proposition that "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'"). A court cannot accept as true legal conclusions in a complaint that merely recite the elements of a cause of action supported by conclusory statements. *Iqbal*, 556 U.S. at 677-78. "To survive a motion to dismiss, a

2

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable, and those facts must be more than merely consistent with the defendant's liability to raise the claim from merely possible to probable. *Id.*

In determining whether a plausible claim exists, the court must undertake a context-specific inquiry, "[b]ut where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). A complaint must contain enough facts to "nudge[] [a] claim[] across the line from conceivable to plausible[.]" *Twombly*, 550 U.S. at 570.

### III. Analysis

Only two of the defendants have filed motions to dismiss. I will address each motion separately.

#### A. Regulatory Training Center's Motion to Dismiss

The Regulatory Training Center (the "Center") argues that it must be dismissed as a defendant because it is entitled to statutory immunity. The Center contends that it is a political subdivision and therefore entitled to immunity under the West Virginia Governmental Tort Claims and Insurance Reform Act (the "Act"). *See* W. Va. Code § 29-12A-1, *et seq*. The Act generally provides that "a political subdivision" is not liable for personal injury damages caused by the political subdivision or its employees "in connection with a governmental or proprietary function." *Id.* § 29-12A-4. The Act further provides that political subdivisions are entitled to statutory

3

immunity for "[a]ny claim covered by any workers' compensation law or any employer's liability law." *Id.* § 29-12A-5.

The only dispute here is whether the Center qualifies as a political subdivision. Otherwise, the plaintiff agrees that the Center is entitled to immunity from this lawsuit. A political subdivision is defined under the Act as, among other things, "any county commission, municipality and county board of education; any separate corporation or instrumentality established by one or more counties or municipalities[.]" *Id.* § 29-12A-3. The Center states that it is an "instrumentality" of the Kanawha County Board of Education. (Center's Mem. in Supp. of its Mot. to Dismiss Pl.'s Second Am. Compl. [Docket 33], at 2). It asserts that Beverly Jarrett, the Director of Safety at the Center, reports directly to the Deputy Superintendent of Kanawha County Schools. (*See id.*). The Center attaches to its motion an "Organizational Chart" from Kanawha County Schools showing that Ms. Jarrett does indeed report to the Deputy Superintendent.

On the other hand, the plaintiff argues that it is not clear that the Center is a political subdivision because it uses a ".com" suffix for its website, rather than the ".gov" suffix; the Center appears on the list of "companies" of the West Virginia Manufacturers Association (*see* Member Companies, West Virginia Manufacturers Association, http://www.wvma.com/member-companies.html (last visited July 23, 2014)); and the Center is referenced on the West Virginia Department of Labor's website without any mention that it is an instrumentality of the government. (*See* Pl.'s Reply to Center's Mot. to Dismiss Pl.'s Second Am. Compl. [Docket 38], at 2). The plaintiff therefore requests discovery to determine whether the Center is a political subdivision. The Center failed to file a reply brief and therefore did not respond to any of the plaintiff's arguments.

4

I agree with the plaintiff. At this stage, viewing the allegations in the Second Amended Complaint as true, I cannot determine whether the Center is a political subdivision. Further, I cannot consider the Organizational Chart provided by the Center at this stage without converting the Center's motion into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). But I cannot convert the Center's motion into one for summary judgment without giving the plaintiff a "reasonable opportunity" to discover material for an opposition brief. *See id.* Therefore, the Center's motion to dismiss is **DENIED**. I will entertain a motion for summary judgment brought by the Center after the plaintiff has had a reasonable opportunity to discover materials pertinent to such a motion.

### B. Starcon's Motion to Dismiss

Starcon moves for the dismissal of the punitive damages claim asserted against it. The plaintiff brings a "deliberate intention" action against Starcon. In West Virginia, employers can lose their statutory immunity from civil liability for work-related injuries in a "deliberate intention" action. *See* W. Va. Code § 23-4-2(d)(2). There are two distinct methods for proving deliberate intention. *Coleman v. R.M. Logging, Inc.*, 700 S.E.2d 168, 172 (W. Va. 2010). First, a plaintiff may show that the employer acted with "specific intent" to cause injury or death to an employee. *See* W. Va. Code § 23-4-2(d)(2)(i). The statute does not mention punitive damages in relation to this method. Second, the plaintiff may show that the employer had actual knowledge of a particular unsafe working condition and of the "high degree of risk and the strong probability of

injury or death presented" by the unsafe condition. *Id.* § 23-4-2(d)(2)(ii). Under this second method, punitive damages are expressly prohibited. *See id.* § 23-4-2(d)(2)(iii).

Starcon argues that because punitive damages are prohibited under the second method, there are no circumstances whatsoever in which punitive damages could be awarded against it. That is incorrect. Punitive damages may be awarded under the first method—where a plaintiff shows that the employer had "specific intent" to cause the employee's injury or death. W. Va. Code § 23-4-2(d)(2)(i). But the plaintiff does not allege specific intent in this case. Rather, the Second Amended Complaint alleges that Starcon's facilities "presented a high degree of risk and a strong probability of serious injury or death." (Second Am. Compl. [Docket 17] ¶ 19). Those allegations parrot the statutory language of the second method of proving deliberate intent. *See* W. Va. Code § 23-4-2(d)(2)(ii). Punitive damages are not recoverable under this method. *See id.* § 23-4-2(d)(2)(iii). Therefore, although a plaintiff generally has two distinct methods of proving deliberate intent, the plaintiff in this case has alleged only the method that bars punitive damages. Accordingly, punitive damages are not recoverable against Starcon. Starcon's motion to dismiss is **GRANTED**, and the punitive damages allegation against Starcon is **DISMISSED**.[1]

## IV. Conclusion

For the reasons stated above, the Regulatory Training Center's Motion to Dismiss [Docket 32] is **DENIED** and Starcon International Incorporated's Motion to Dismiss Plaintiff's Punitive Damages Claim [Docket 39] is **GRANTED**.

---

[1] The plaintiff requests that, if his punitive damages claim against Starcon is dismissed, he be allowed to file a Third Amended Complaint. Such a request, if appropriate, should be made in a separate motion.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      July 23, 2014

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

7